UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CRISTIAN MANUEL SILVA YANTEN,   )
JOSE LUIS ALGANARAZ, and all others   )
similarly situated under 29 U.S.C. 216(b),   )
)
Plaintiffs,   )
vs.   )
)
ADCO INSTALLERS LLC,   )
ANGEL A. DIAZ   )
)
Defendants.   )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiffs, CRISTIAN MANUEL SILVA YANTEN, and JOSE LUIS ALGANARAZ on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendants, ADCO INSTALLERS LLC, and ANGEL A. DIAZ, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant, ADCO INSTALLERS LLC, is a corporation that regularly transacts business within Miami Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant ANGEL A. DIAZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore

Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff CRISTIAN MANUEL SILVA YANTEN worked for Defendants as a window installer from on or about June 1, 2017 through on or about September 11, 2017.

10. Plaintiff JOSE LUIS ALGANARAZ worked for Defendants as a window installer from on or about April 4, 2017 through on or about December 31, 2017.

11. Under information and belief of Plaintiffs and based on a review of Defendants website

"adcoinstallers.com" (Adco Installers), Defendants have a portfolio of properties they serviced, including commercial, hi-rise and mid-rise properties, for which Defendants installed impact windows, impact doors, curtain walls, handrails, store fronts, and other structures. Per Defendants' website, Defendants portfolio of properties includes Young Israel of Bal Harbour, Midtown 29, Intercontinental village Doral, Gables Aventura, 400 Sunny Isles, 250 Wynwood, 333 Thirty Three Downtown, City Center Pembroke Pines, City Place Doral, Fourpoints by Sheraton, Hyatt Place Boca Raton, Palmetto Promenade, Paramount Condominiums, Residences at Palm and Aire Apartments, and Sky Harbor Condominiums.

12. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. During the relevant time period, Defendants regularly employed two or more workers, for the relevant period. Under information and belief of Plaintiffs and based on a review of

Defendants website "adcoinstallers.com" (Adco Installers), Defendants employ an average of fifty-five (55) employees and service sixteen an average of sixteen (16) countries around the world. Under information and belief of Plaintiffs, two or more workers, handled goods and materials that travelled through interstate commerce, or used instrumentalities of interstate commerce such as a "Miter Saw" which reflects the label "Tool assembled in USA from U.S and Foreign Components" and other goods and materials. During the relevant time period, Plaintiffs routinely used the above-described goods and materials that travelled through interstate commerce purchased by Defendants' company. Thus, with respect, to enterprise coverage, it is believed that Defendants employed numerous employees that, on a regular and recurrent basis, handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce. The goods and materials referenced herein were an integral part of Defendants' business for the relevant time period and Plaintiffs' performance of window installing work for the relevant time period.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016 and 2017.

16. Between the period of on or about June 1, 2017 through on or about September 11, 2017, Plaintiff CRISTIAN MANUEL SILVA YANTEN worked an average of 66 hours a week for Defendants and was paid an average of $15.00per hour but was not paid the extra half time rate for 18 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff CRISTIAN MANUEL SILVA YANTEN therefore claims the half time overtime rate for 18 hours worked above 40 in a week.

17. Between the period of on or about June 1, 2017 through on or about September 11, 2017, Plaintiff CRISTIAN MANUEL SILVA YANTEN worked an average of 66 hours a week for

Defendants and was paid an average of $15.00 per hour but was not paid anything for 8 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff CRISTIAN MANUEL SILVA YANTEN therefore claims the time and a half overtime rate for approximately 8 hours worked above 40 in a week.

18. Between the period of on or about April 4, 2017 through on or about December 31, 2017, Plaintiff JOSE LUIS ALGANARAZ worked an average of 66 hours a week for Defendants and was paid an average of $23.00per hour but was not paid the extra half time rate for 18 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff JOSE LUIS ALGANARAZ therefore claims the half time overtime rate for 18 hours worked above 40 in a week.

19. Between the period of April 4, 2017 through on or about December 31, 2017, Plaintiff JOSE LUIS ALGANARAZ worked an average of 66 hours a week for Defendants and was paid an average of $23.00per hour but was not paid anything for 8 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff JOSE LUIS ALGANARAZ therefore claims the time and a half overtime rate for approximately 8 hours worked above 40 in a week.

20. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121